IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                    Case No. 12-20003-07-JWL

**Keith Arney,**

        **Defendant.**

## MEMORANDUM & ORDER

In September 2013, defendant entered a plea of guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine. He was sentenced to 173 months imprisonment. Defendant's presentence investigation report contained a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the offense.

In February 2022, defendant sent a letter to the district judge assigned to this case at the time of sentencing asking the judge to revise the presentence report to remove the firearm enhancement so that defendant might receive the full benefits of the Residential Drug Abuse Treatment Program (RDAP).[1] The case was reassigned to the undersigned judge and the letter was docketed by the clerk's office as a motion to revise the presentence investigation report as well as a motion for compassionate release. As will be explained, the motion is dismissed for lack

---

[1] Under 18 U.S.C. § 3621(e)(2)(B), when a prisoner convicted of a nonviolent offense successfully completes the RDAP program, the BOP may reduce the remaining term of imprisonment by up to one year. However, inmates convicted of a violent offense, including those with a firearm enhancement, are not eligible for early release. *See id.*; 28 C.F.R. § 550.55(b)(5)(ii).

of jurisdiction to the extent defendant seeks a revision of the presentence investigation report and is denied to the extent he seeks compassionate release.

In his letter, defendant does not identify a basis for the court's jurisdiction to revise the presentence report years after defendant's sentencing.  For anything other than a "clerical error" within the meaning of Federal Rule of Criminal Procedure 36,[2] challenges to or requests to amend a presentence report submitted more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge.  *See United States v. Fykes*, 733 Fed. Appx. 950, 952 (10th Cir. May 15, 2018) (district court lacked jurisdiction under Federal Rule of Criminal Procedure 32 to resolve on the merits a post-sentencing motion to amend the PSR) (citing *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994)); *Bistodeau v. United States*, 2021 WL 1554066, at *2 (D. Idaho Apr. 19, 2021) (court had no authority to amend presentence report to remove the 2-level firearm enhancement after sentencing); *United States v. Cripps*, 2017 WL 1115972, at *1 (E.D. Cal. Mar. 27, 2017) (no jurisdiction to modify PSR to include recommendation for RDAP program); *see also Braggs v. United States*, 2020 WL 2115650, at *2 (S.D.W. Va. Mar. 11, 2020) (considering defendant's § 2255 motion arguing that court should remove firearm enhancement from PSR so that he would be eligible for early release after RDAP but denying relief on merits); *United States v. Youman*, 2019 WL 7576344, at *3 (N.D. Fla. Oct. 9, 2019) (no legal basis to amend the PSR to delete the reference to the firearm; denying § 2255 relief); *United States v. Medina*, 2017 WL 5505795, at *2 (D. Mont. Nov. 16, 2017) (denying § 2255 relief where record did not support an inference

---

[2] Defendant does not suggest that the firearm enhancement is a mistake or clerical error.

that there was anything unlawful about the firearm enhancement).  Because defendant has not identified any basis for the court's authority to make a substantive modification to the PSR, this aspect of the motion is dismissed for lack of jurisdiction.

As noted earlier, the Clerk of the Court also docketed defendant's letter as a motion for compassionate release.  The government states in its response that it does not interpret defendant's letter to request such relief and it does not address the merits of any compassionate release request.  Defendant, however, does mention his rehabilitative efforts while in custody and, in the last sentence of his letter, asks the judge to consider the RDAP issue "or any issue with compassionate release that would provide relief."  In an abundance of caution, then, the court addresses a request for compassionate release.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*.

Assuming for the sake of argument that defendant has exhausted his administrative remedies, he raises only his rehabilitative efforts as a basis for compassionate release.  As a matter

3

of law, this is not a sufficient reason, standing alone, to warrant a reduction in defendant's sentence. As Congress has made clear, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t); *see also McGee*, 992 F.3d at 1043; *United States v. Cortez-Diaz*, 2022 WL 1112533, at *2 (10th Cir. Apr. 14, 2022) (defendant's rehabilitation, without more, does not support § 3582(c)(1)(A) relief). The court, then, rejects this argument as a basis for a sentence reduction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to revise the presentence investigation report and for compassionate release (doc. 797) is dismissed for lack of jurisdiction in part and denied in part.

**IT IS SO ORDERED.**

Dated this __18th__ day of May, 2022, at Kansas City, Kansas.

 s/ John W. Lungstrum
 John W. Lungstrum
 United States District Judge