IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                             Case No. 12-20003-07-JWL

**Keith Arney,**

        **Defendant.**

## MEMORANDUM & ORDER

In September 2013, defendant entered a plea of guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine. He was sentenced to 173 months imprisonment.

On May 2, 2023, the court received a letter from defendant in which he asks the court to order the Bureau of Prisons to award him additional good time credits that he asserts he has earned.[1] The court has no authority to grant the relief requested by defendant and will take no further action with respect to the letter. A defendant who seeks to challenge the BOP's computation of good-time credits can do so only through the filing of a petition for habeas corpus under 28 U.S.C. § 2241. *See United States v. Yates*, 2019 WL 1779773, at *2 (D. Kan. Apr. 23, 2019) (court construed defendant's motion under the FSA for time served, claiming that the BOP must recalculate his good time credits and give him 26 extra days credit, as a § 2241 habeas petition since defendant was challenging the BOP's computation of his good time credits) (citing

---

[1] Defendant addressed the letter to the district judge initially assigned to his case, but the case has since been reassigned to the undersigned judge.

*Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a § 2255 motion.")).

A § 2241 petition, however, must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Lee v. Oliver*, 574 Fed. Appx. 846, 846-47 (10th Cir. Sept. 3, 2014); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Defendant is confined at USP Coleman II, a facility located within the jurisdiction of the United States District Court for the Middle District of Florida. The District of Kansas, then, is not defendant's district of confinement and, accordingly, the court lacks jurisdiction over this matter. Moreover, because defendant has not actually filed a petition under § 2241 and paid the $5 filing fee (but, rather, has simply sent a letter to the court), the court cannot transfer this matter to the Middle District of Florida. Defendant must file a § 2241 petition, wholly separate from his criminal case, in the United States District Court for the Middle District of Florida.

**IT IS SO ORDERED.**

Dated this 4th day of May, 2023, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge